UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOMINIC DARNELL FLOWERS,

                    Plaintiff,

          -against-

JOHN DOE, ET AL.,

                    Defendants.

26-CV-1752 (LTS)

ORDER DIRECTING UPDATED
PRISONER AUTHORIZATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Greene Correctional Facility, brings this action

*pro se*. To proceed with a civil action in this Court, a prisoner must either pay $405.00 in fees – a

$350.00 filing fee plus a $55.00 administrative fee – or, to request permission to proceed without

prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C.

§§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act

requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's

account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without

prepayment of fees must therefore also authorize the Court to withdraw these payments from his

account by filing a "prisoner authorization," which directs the facility where the prisoner is

incarcerated to deduct the $350.00 filing fee[1] from the prisoner's account in installments and to

send to this Court certified copies of the prisoner's account statements for the past six months.

*See* 28 U.S.C. § 1915(a)(2), (b).

Plaintiff submitted an outdated prisoner authorization. Within thirty days of the date of

this order, Plaintiff must either pay the $405.00 in fees or complete and submit the attached

---

[1] The $55.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

prisoner authorization. If Plaintiff submits the prisoner authorization, it should be labeled with docket number 26-CV-1752 (LTS).[2]

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    March 18, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[2] Plaintiff is cautioned that if a prisoner files an action that is dismissed as frivolous or for failing to state a claim, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file actions *in forma pauperis* as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fee at the time of filing any new action.